UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAFAEL SANCHEZ- PAREDES | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.   5:19-cv-1270 |
| | § | |
| HARTFORD LLOYDS INSURANCE COMPANY AND CHENDAR LIM | § § § | |
| | § | |
| *Defendants.* | | |

## NOTICE OF REMOVAL

Defendants Hartford Lloyd's Insurance Company and Chendar Lim ("Defendants") file this Notice of Removal and, in support thereof, would show the Court as follows:

1. On September 6, 2019, Plaintiff Rafael Sanchez-Paredes ("Plaintiff") filed his Original Petition (the "Petition") in Cause Number 2019CI18684, in the 45th District Court of Bexar County, Texas. Defendants Hartford Lloyds Insurance Company and Chendar Lim timely filed their answer in the State Court on October 18, 2019.

2. Pursuant to 28 U.S.C. § 1446(a) attached hereto are copies of all process, pleadings and orders served upon Defendants Hartford Lloyds Insurance Company and Chendar Lim in the removed case. In particular: (i) an index of the matters filed herewith is attached as Exhibit A; (ii) a copy of the citation and executed service return is attached as Exhibit B; (iii) a copy of the Plaintiffs' Petition is attached as Exhibit C; (iv) a copy of Defendants' Answer is attached as Exhibit D; (v) a copy of the docket sheet in the state

court action is attached as Exhibit E; (vi) a list of all counsel of record, including addresses, phone numbers, and the parties represented is attached as Exhibit F; a (vii) an Affidavit of Lisa Levin is attached as Exhibit G; and Defendant's Election Pursuant to Texas Insurance Code § 542A.006 is attached as Exhibit H.

3. This notice of removal is timely filed under 28 U.S.C. §1446(b) because it is filed within thirty days after Defendants first received a copy of a paper from which it could first be ascertained that the case is one which is or has become removable; *i.e.*, Plaintiffs' Original Petition.

4. The claims asserted against Defendants are civil actions over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. At the time this action was commenced, Plaintiff was and still is a citizen of the State of Texas. Hartford Lloyds Insurance Company is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. A Lloyd's Plan is an unincorporated association of underwriters who sell insurance through an attorney-in-fact or other representative.[1] The citizenship of a Lloyd's Plan insurer, like all unincorporated associations, is determined by the citizenship of its members.[2] Hartford Lloyds Insurance Company's underwriters are citizens of the states of Connecticut and Illinois.[3] Thus, Hartford Lloyds Insurance Company is a citizen and resident of the states of Connecticut and Illinois for purposes of diversity.[4]

5. Further, the citizenship of Defendant Chendar Lim must be disregarded.

---

[1] TEX. INS. CODE §§ 941.001, 941.051-941.052; *Salazar v. Allstate Tex. Lloyd's, Inc.,* 455 F.3d 571, 572 n.1 (5th Cir. 2006); *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied,* 511 U.S. 1032 (1994).
[2] *Royal Ins. Co. of Am.,* 3 F.3d at 882; *Cronin v. State Farm Lloyds,* No. H-08-1983, 2008 WL 4649653, at *2 (S.D. Tex. Oct. 10, 2008); *Massey v. State Farm Lloyd's Ins. Co.,* 993 F. Supp. 568, 570 (S.D. Tex. 1998).
[3] Exhibit G, Affidavit of Lisa Levin.
[4] *See Royal Ins. Co. of Am.,* 3 F.3d at 882.

Ms. Lim is subject to mandatory dismissal because Hartford Lloyds has made an unconditional election to accept liability pursuant to Texas Insurance Code section 542A.006. *See* Exhibit H. Section 542.006A provides in relevant part as follows:

> (a) Except as provided by Subsection (h), in an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.
>
> . . .
>
> (c)   If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice.

Tex. Ins. Code § 542A.006 (emphasis added). Because Ms. Lim's dismissal is mandated by statute, she is not a proper party to this action and, therefore, is not considered for purposes of diversity or otherwise.[5]

6.    The amount in controversy exceeds $75,000 based on Plaintiffs' state court Petition, specifically at p.1, ¶1.

7.    The one-year statute of limitation on removal of diversity cases imposed by 28 U.S.C. § 1446(b) does not prevent removal because this action was commenced less than one year ago.

8.    <u>Notice to State Court</u>. Pursuant to 28 U.S.C. § 1446(d), Defendants intend to serve written notice of this removal on the state court promptly after filing this

---

[5] *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (to establish that Plaintiff has improperly joined a defendant to defeat diversity jurisdiction, defendant must prove "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."); *Flores v. Allstate Vehicle & Prop. Ins. Co.*, 2018 U.S. Dist. LEXIS 186829 (W.D. Tex., Oct. 31, 2018).

Notice of Removal.

FOR THESE REASONS, Defendants hereby effectuate removal of this cause to this Court.

> Respectfully submitted,
>
> /s/ *Laura Grabouski*
> Laura J. Grabouski
> State Bar No: 24031595
> Sean Timmons
> State Bar No.: 24067908
> **TULLY RINCKEY, PLLC**
> 3724 Executive Center Drive
> Suite 205
> Austin, Texas 78731
> 2925 Richmond Avenue, 12th floor
> Houston, Texas 77098
> Telephone: 512.225.2800
> Facsimile: 512.225.2801
> Email: lgrabouski@tullylegal.com
>          STimmons@tullylegal.com
> **ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 25, 2019, a true and complete copy of the above and foregoing instrument has been filed via the CM-ECF system, which will serve Plaintiff's counsel of record as follows:

Loree & Lipscomb
Robert W. Loree
Cassandra Pruski
The Terrace at Concord Park
777 E. Sonterra Blvd., Suite 320
San Antonio, TX 78258
Telephone: 210-404-1320
Facsimile: 210-404-1310
Email: rob@lhlawfirm.com
       cassie@lhlawfirm.com
**ATTORNEYS FOR PLAINTIFF**

                                               /s/ *Laura Grabouski*
                                              Laura J. Grabouski